Allen, J.
delivered the opinion of the Court.
The deed of marriage settlement duly executed by the parties and their trustee before marriage, recited amongst other things that it hath also been agreed, that in case the said Charles should after the intended marriage happen to survive the said Martha, that he should not claim any part of the real or personal estate whereof the said Martha should be seised or possessed or entitled to at any time during the coverture between them; and that the said real and personal estate of the said Martha *494 should be in no wise under the control of the said Charles, nor in any manner or at any time subject to his debts. The deed then proceeds to grant the property of the intended wife to the trustee, and by the declaration of trust the separate and exclusive use of the property is secured to the wife; the trustee was to permit her to dispose of it by will or otherwise and to convey the property to such appointee or alienee: but in the declarations of trust there is no express provision excluding the husband in the event of his surviving, and in default of any appointment or disposition by the wife. And it is contended that by operation of law the husband surviving is entitled in virtue of his marital rights, to take the property, as she did not dispose of it or appoint the uses to which it should be applied after her death. The rights of the husband to the property of his intended wife may be intercepted by his agreement to that effect; and where by express contract, for which the marriage is a sufficient consideration, he agrees to surrender his right to the enjoyment of the property during the coverture, and his right to take as survivor, there remains nothing to which his marital rights can attach during the coverture or after the death of the wife. In such case the wife is to all intents to be regarded as a feme sole. in respect to such property; and there would seem to be no necessity for any limitation over to her next of kin in the event of a failure to appoint during her lifetime. The husband having by contract for a good consideration released his rights as survivor, the property must pass as though she had died sole and intestate. That such was the intent of the parties in this case is clear from the deed. The contingency of his surviving was foreseen, and the agreement as recited in the deed signed by all the parties provided for it. By that agreement so recited, he bound himself not to claim the property should he happen to survive his wife. There is nothing to indicate *495 an intention to restrict the claim as against the appointees of the wife. The expressions refer not to persons against whom he would not claim, but to the subject as to which in that contingency he released all claim; and to shew more clearly that such was the intent of the agreement, it is furthermore recited that the property was not to be under his control, or in any manner or at any time subject to his debts, not restricting the time to the continuance of the coverture.
Having thus by contract intercepted the marital rights of the husband either to enjoy during coverture or to take by survivorship; and this intention appearing on the face of the deed, it was only necessary that the declarations of trust should provide for the control and authority of the wife during the coverture. And the property, if not disposed of, passed to her personal representative for the benefit of her next of kin, as if no marriage had ever taken place, and she had died sole and intestate.
The right of the husband to administer depending on the question whether in virtue of the marital right he is entitled to the property, .and as by the agreement recited in the deed of settlement he relinquished and renounced such right, his motion to administer was properly overruled, and the administration granted to the appellee, one of the distributees of the deceased. The order should be affirmed.